**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MICHAEL LEE BERRY,**

           **Plaintiff,**

      **v.**                                    **CASE NO. 12-3179-SAC**

**TRAVIS TOMS, et al.,**

           **Defendants.**

**O R D E R**

    Plaintiff, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se on a complaint seeking relief under 42 U.S.C. § 1983. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

    Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual

averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In this action, plaintiff seeks actual and punitive damages on allegations related to his arrest on August 10, 2010, by Kansas City, Kansas Police Officers Toms, Underwood, Locke, and Crawford. Plaintiff first claims these officers used excessive force during plaintiff's arrest. Plaintiff next claims he was denied due process by Kansas City, Kansas, Police Chief Armstrong who allegedly conspired with defendant Underwood to destroy or hide footage from the officer's dash camera on the night of the arrest. Plaintiff further claims the Unified Government of Wyandotte County/Kansas City, Kansas ("Unified Government") unconstitutionally allowed its agents to beat plaintiff to unconsciousness prior to plaintiff being taken to the hospital after his arrest.

While plaintiff's allegations against Officers Toms, Underwood, Locke, and Crawford appear sufficient to require a response, the court first allows plaintiff an opportunity to supplement the complaint to

show cause why the remaining defendants should not be summarily dismissed for reasons stated below.

Plaintiff's bare and conclusory claim of a conspiracy by Chief Armstrong to violate plaintiff's rights is speculative at best, and insufficient to state a viable claim for relief against this defendant.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

And while a municipal governmental entity is a "person" for purposes of being sued under § 1983, a municipality cannot be held vicariously responsible on the basis of respondeat superior solely because it employs a tortfeasor.  Instead, a municipal corporation can be held liable only "where the constitutional injury complained of results from the implementation or execution of the policy or custom of the governmental body."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194 (10th Cir.2003).  Thus to state a viable claim for relief under § 1983 against the Unified Government, plaintiff must allege sufficient facts to plausibly find, in part, the defendant police officers acted pursuant to a policy or custom of that municipality in the alleged violation of plaintiff's constitutional rights.  Plaintiff fails to do so in this matter, thus his claim for damages against the Unified Government is subject to being dismissed because plaintiff's allegations against this defendant state no claim for relief.

Accordingly, plaintiff is directed to show cause why defendants Armstrong and the Unified Government should not be summarily dismissed from the complaint.  The failure to file a timely response may result in these defendants being summarily dismissed without further prior notice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to supplement the complaint to show cause why defendants Armstrong and the Unified Government should not be summarily dismissed for the reasons stated by the court.

**IT IS SO ORDERED.**

DATED:  This 26th day of November 2012 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge