IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL LEE BERRY,

    Plaintiff,

          vs.                          Case No. 12-3179-JTM

TRAVIS TOMS, *et al.*,

    Defendants.

MEMORANDUM AND ORDER

Two years after the court dismissed his claims of excessive force against four Kansas City, Kansas police officers, *pro se* plaintiff Michael Berry seeks to revive his claims by a Motion for Relief under Fed.R.Civ.Pr. 60(b)(6). Typically, motions for relief under Rule 60(b) must be made within one year of the judgment. Rule 60(c)(1). Rule 60(b)(6) is a catch-all provision which provides that the court may act for "any other reason that justifies relief." A motion under this rule must be made within a reasonable time.

Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (internal quotation marks omitted). "The Rule does not particularize the factors that justify relief, but we have previously ... caution[ed] that it should only be applied in 'extraordinary circumstances.'" *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (quoting *Ackermann v.*

*United States*, 340 U.S. 193, 199 (1950)).

Courts have narrowly interpreted Rule 60(b)(6). 11 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 2864, at 483 (3d ed. 2012). Thus, the Supreme Court has observed:

> To justify relief under subsection (6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay. If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable. In *Klapprott* [*v. United States*, 335 U.S. 601, 613-614 (1949)], for example, the petitioner had been effectively prevented from taking a timely appeal of a judgment by incarceration, ill health, and other factors beyond his reasonable control. Four years after a default judgment had been entered against him, he sought to reopen the matter under Rule 60(b) and was permitted to do so.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 393 (1993) (additional citations omitted).

Generally, allegations of legal error are insufficient to justify relief under Rule 60(b)(6), as the Tenth Circuit related in *Van Skiver*::

> The kind of legal error that provides the extraordinary circumstances justifying relief under Rule 60(b)(6) is illustrated by *Pierce* [*v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) (*en banc*)]. In that case, this court granted relief under 60(b)(6) when there had been a post-judgment change in the law "arising out of the same accident as that in which the plaintiffs ... were injured." *Pierce*, 518 F.2d at 723. However, when the post-judgment change in the law did not arise in a related case, we have held that "[a] change in the law or in the judicial view of an established rule of law" does not justify relief under Rule 60(b)(6). *Collins v. City of Wichita*, 254 F.2d 837, 839 (10th Cir. 1958).

952 F.2d at 1244-45.

Relief under Rule 60(b)(6) is "not available to allow a party merely to reargue an

issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Hilliard v. Dist. Ct. of Comanche Cnty.*, 100 F. App'x 816, 819 (10th Cir.2004) (internal quotations omitted). *See also Pyeatt v. Does*, 19 F. Appx. 785, 788 (10th Cir. 2001) ("a motion to reconsider [that] simply reasserts information considered by the district court in its initial determination ... does not meet the extraordinary circumstances standard required for Rule 60(b)(6) relief."). Instead, relief under Rule 60(b)(6) may be granted "when the losing party fails to receive notice of the entry of judgment in time to file an appeal."6 Wright & Miller, § 2864, at 488.

Here, Berry simply seeks to reargue an issue previously addressed by the court. The defendants sought summary judgment on the grounds that their actions did not violate clearly established law. (Dkt. 65). In his response, Berry disputed the application of qualified immunity. (Dkt. 67). The court ultimately determined that the defendants were entitled to the defense, and granted summary judgment. (Dkt. 73). Berry then appealed the action (Dkt. 75), but Tenth Circuit subsequently dismissed the matter for lack of prosecution. (Dkt. 80).

In his present motion, Berry disputes certain factual findings made by the court, and contends that the court erred in its application of the law on the basis of then-existing precedent. Berry cites no substantive change in the law since the decision. The motion does not present extraordinary circumstances which would permit relief under Rule 60(b)(6). In reality, his motion is a motion for reconsideration filed two years after the time for such

a motion.

IT IS ACCORDINGLY ORDERED this 11th day of April, 2017, that the plaintiff's Motion for Relief (Dkt. 81) is hereby denied.

_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE